IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| APRIL LEMONS, On Behalf of Herself and All Others Similarly Situated, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CASE NO. 4:25-cv-01034 |
| ARLINGTON SPORTSERVICE, INC., | § § | FLSA COLLECTIVE ACTION |
| Defendant. | § § | JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff April Lemons ("Plaintiff") files this Original Complaint against Defendant Arlington Sportservice, Inc. ("Defendant"), showing in support as follows:

### I.     NATURE OF THE CASE

1.     This is a civil action brought by Plaintiff, on behalf of herself and all others similarly situated, pursuant to the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the federal Portal-to-Portal Pay Act, 29 U.S.C. §§ 251-262, (collectively "FLSA").

2.     Plaintiff is employed by Defendant as a bartender at Globe Life Field. Defendant pays Plaintiff $7.25 per hour. In addition to hourly pay, Plaintiff is a tipped employee.

3.     Defendant had practices, policies, and/or procedures which violated the FLSA's tip payment provision by improperly keeping tips earned by Plaintiff to:

    a. share with supervisors,

    b. share with non-customarily tipped employees, such as runners and stockers, and

    c. pay for business-related expenses, such as ice and deliveries.

4.     Defendant had practices, policies, and/or procedures which violated the FLSA's minimum wage provision by making her pay for:

*Plaintiff's Original Complaint – Page* 1

      a. Texas Alcoholic Beverage Commission ("TABC") certification and/or licensing, and

      b. replacement uniforms.

5. Defendant employed, and continues to employ, numerous other hourly paid and tipped employees who were subject to the same practices, policies, and procedures experienced by Plaintiff which violated the FLSA.

6. Plaintiff, on behalf of herself and all others similarly situated, seeks all damages available pursuant to the FLSA, including unpaid minimum wages, unlawfully kept tips, liquidated damages, reasonable legal fees, costs, and post-judgment interest.

## II.    THE PARTIES, JURISDICTION, AND VENUE

**A.    Plaintiff April Lemons**

7. Plaintiff is a natural person and is a resident of Dallas County, Texas.

8. Plaintiff performed the work for Defendant made the subject matter of this lawsuit in Tarrant County, Texas at 734 Stadium Drive, Arlington, Texas 76011 (Globe Life Field).

**B.    Putative Collective Action Members**

9. The Putative Collective Action Members are all current and/or former minimum hourly wage paid and/or tipped employees of Defendant, within the FLSA's maximum limitations period, who are similarly situated to Plaintiff.

**C.    Defendant Arlington Sportservice, Inc.**

10. Defendant is a foreign for-profit corporation incorporated under the laws of the state of Delaware.

11. Defendant's principal place of business is 250 Delaware Avenue, Buffalo, New York 14202.

12. Defendant is registered with the Texas Secretary of State to transact business in Texas.

13. In 2022, 2023, and 2024, Defendant was an "enterprise engaged in commerce" as that phrase is used in connection with the FLSA.

14. In 2025, Defendant is and/or will be an "enterprise engaged in commerce" as that phrase is used in connection with the FLSA.

15. In 2022, 2023, 2024, and 2025, Defendant employed two or more employees.

16. In 2022, 2023, 2024, and 2025, Defendant employed two or more employees who engaged in commerce and/or who handled, sold, and/or otherwise worked on goods and/or materials that have been moved in and/or produced for commerce by any person. Examples of such goods and/or materials include beverages, food, cutlery, payment processing equipment, computers, computer accessories, and phones.

17. On information and belief, Defendant had annual gross sales or business volume in excess of $500,000 during 2022, 2023, and 2024.

18. On information and belief, Defendant has and/or will have annual gross sales or business volume in excess of $500,000 during 2025.

19. Defendant may be served with summons and a copy of this document through its registered agent, Cogency Global, Inc., 1601 Elm Street, Suite 4360, Dallas, Texas 75201.

**D.   Jurisdiction and Venue**

20. The Court has personal jurisdiction over Defendant based on both general and specific jurisdiction.

21. The Court has subject matter jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. § 1331, because Plaintiff bases her claims on federal law, namely the FLSA.

22. Jurisdiction and venue are proper in this Court because the work Plaintiff performed for Defendant made the subject matter of this lawsuit occurred in Tarrant County, Texas.

### III. FACTUAL BACKGROUND

23. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

24. Plaintiff has been employed by Defendant from approximately February 7, 2020 to present.

25. Plaintiff is employed by Defendant at 734 Stadium Drive, Arlington, Texas 76011 (Globe Life Field) as a bartender.

26. Defendant pays Plaintiff $7.25 per hour.

27. Plaintiff customarily and regularly received more than $30 per month in tips as an employee of Defendant.

28. Plaintiff worked with, and continues to work with, numerous other employees of Defendant who worked as minimum hourly wage paid and tipped employees of Defendant at Globe Life Park.

29. Defendant has a practice, policy and procedure to take tips from tipped employees, like Plaintiff, and share those tips with supervisors in violation of the FLSA.

30. Defendant has a written policy and/or procedure for bartenders, such as Plaintiff, which states:

> "Tips and Tip-Outs
>
> Bartenders are required to contribute to the tip pool and this amount is calculated as 1.5% of NET SALES. This distribution pays the resources available, such as ice, deliveries, runners, barbacks and stockers. This has been evaluated to make sure that each location has the best service, speed, and accuracy amongst all bartenders thought [*sic*] the ball park."

Taking employee tips to pay for resources such as ice, deliveries, runners, and stockers violates the FLSA.

31. Defendant requires Plaintiff and other minimum hourly wage paid employees to have certifications and/or licenses, such as TABC and/or food handler certifications. However, Defendant does not pay for or reimburse Plaintiff and those other employees for the costs to obtain and/or renew those certifications and/or licenses. Instead, Defendant requires Plaintiff and those other minimum wage paid employees to personally pay for those certifications and/or licenses, including renewals of same, in violation of the FLSA.

32. Defendant requires Plaintiff and other minimum hourly wage paid employees to wear a shirt with a Texas Rangers logo on it as a uniform. Defendant generally provides its employees with one uniform shirt at the beginning of their employment. However, replacement shirts, while required, are not paid for or provided to employees by Defendant. Instead, Defendant requires Plaintiff and other minimum hourly wage paid employees to personally purchase those uniform items in violation of the FLSA.

## IV.    CONTROLLING LEGAL RULES

33. The FLSA provides that "[e]very employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at … not less than … $7.25 an hour." 29 U.S.C. § 206(a)(1)(C).

34. A "tipped employee" is any employee engaged in an occupation in which he customarily and regularly receives more than $30 per month in tips. 29 U.S.C. § 203(t).

35. The FLSA mandates that "[a]n employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of

employees' tips, regardless of whether or not the employer takes a tip credit." 29 U.S.C. § 203(m)(2)(B).

36. The FLSA requires wage payments to employees to be "free and clear." *See* 29 C.F.R. § 531.35 ("Whether in cash or in facilities, wages cannot be considered to have been paid by the employer and received by the employee unless they are paid finally and unconditionally or free and clear. The wage requirements of the [FLSA] will not be met where the employee kicks-back directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee. This is true whether the kick-back is made in cash or in other than cash. For example, if it is a requirement of the employer that the employee must provide tools of the trade which will be used in or are specifically required for the performance of the employer's particular work, there would be a violation of the [FLSA] in any workweek when the cost of such tools purchased by the employee cuts into the minimum or overtime wages required to be paid him under the [FLSA].").

37. Employers may not require employees to pay for uniforms, whether deducted from their pay or paid separately by the employee, if the cost for those uniforms puts the employee below the FLSA minimum wage rate in any workweek. *See Lopez v. Fun Eats & Drinks, LLC, No. 3:18-CV-1091-X,* 2021 WL 3502361, at *7 (N.D. Tex. July 16, 2021), *report and recommendation adopted,* No. 3:18-CV-1091-X, 2021 WL 3493496 (N.D. Tex. Aug. 9, 2021).

38. TABC and food handler professional licenses/certificates primarily benefit the employer, not the employee. *See Sharif v. Perry's Restaurants Ltd*, No. 1:21-CV-01060-RP, 2023 WL 3594183, at *6 (W.D. Tex. May 22, 2023), *report and recommendation adopted sub nom. Sharif v. Perry's Restaurants Ltd.*, No. 1:21-CV-1060-RP, 2024 WL 23185 (W.D. Tex. Jan. 2, 2024), *decision clarified on reconsideration sub nom. Sharif v. Perry's Restaurants Ltd*, No. 1:21-

CV-01060-RP-SH, 2024 WL 697070 (W.D. Tex. Feb. 20, 2024) (Finding FLSA minimum wage violation where employer required employees, who were paid on a tip credit basis, to pay for TABC and food handler licenses).

39. Federal law requires employers to make and keep accurate and detailed payroll data for non-exempt employees. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2. Among other things, the regulations require employers to make and keep payroll records showing data such as the employee's name, occupation, time of day and day of week which the workweek begins, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total wages paid each pay period and date of payment and pay period covered by the payment, and records of remedial payments. 29 C.F.R. § 516.2(a)&(b). Employers are required to maintain the foregoing data for a minimum of three years. 29 C.F.R. § 516.5.

40. With respect to tipped employees not paid on a tip credit basis who participate in tip pooling or sharing, employers are required to maintain records showing a symbol, letter, or other notation placed on the pay records identifying each employee who receive tips and the weekly or monthly amount reported by the employee, to the employer, of tips received. 29 C.F.R. § 516.28(b).

41. Under the FLSA, "a cause of action accrues at each regular payday immediately following the work period during which the services were rendered for which the wage or overtime compensation is claimed." *McIntyre v. Collin Bryan Constr. LLC*, 3:22-CV-1267-K, 2023 WL 3259754, at *5 (N.D. Tex. Apr. 19, 2023), *report and recommendation adopted*, 3:22-CV-1267-K, 2023 WL 3259493 (N.D. Tex. May 4, 2023) (citing *Halferty v. Pulse Drug Co., Inc.*, 821 F.2d 261 (5th Cir. 1987), *opinion modified on reh'g*, 826 F.2d 2 (5th Cir. 1987) (brackets omitted)).

"And so this late payment of wages can still be the basis for a minimum wage and an overtime wage cause of action." *Id*.

42. "Any employer who violates the provisions of [29 U.S.C. § 206] … shall be liable to the employee or employees affected in the amount of their unpaid minimum wages …, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

43. "Any employer who violates [29 U.S.C. § 203(m)(2)(B)] shall be liable to the employee or employees affected in the amount of the sum of any tip credit taken by the employer and all such tips unlawfully kept by the employer, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

44. An award of reasonable attorney's fees and costs shall be awarded to a prevailing plaintiff under the FLSA. *Id.*; *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013).

## V.     PLAINTIFF'S FLSA CLAIMS

45. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

46. Defendant is an eligible and covered employer under the FLSA relative to the claims in this lawsuit. 29 U.S.C. § 203(d).

47. In 2022, 2023, 2024, and 2025, Defendant is and/or was an enterprise engaged in commerce under the FLSA. 29 U.S.C. § 203(s)(1)(A).

48. Plaintiff was an employee of Defendant in 2022, 2023, 2024, and 2025 pursuant to the FLSA. 29 U.S.C. § 203(e).

49. Plaintiff was a covered employee of Defendant under 29 U.S.C. § 203(m)(2) and 29 U.S.C. § 206(a)(1)(C) relative to her claims in this lawsuit.

50. Defendant improperly kept tips earned by Plaintiff and shared those tips with supervisors in violation of the FLSA. 29 U.S.C. § 203(m)(2).

51. Defendant improperly kept tips earned by Plaintiff and shared those tips with non-customarily tipped employees, such as stockers and runners, in violation of the FLSA. 29 U.S.C. § 203(m)(2).

52. Defendant improperly kept tips earned by Plaintiff to pay for business related expenses such as ice and deliveries in violation of the FLSA. 29 U.S.C. § 203(m)(2)

53. Defendant failed to pay Plaintiff at least the FLSA minimum hourly wage rate by making her pay for TABC certifications and/or recertifications. 29 U.S.C. § 206(a)(1)(C).

54. Defendant failed to pay Plaintiff at least the FLSA minimum hourly wage rate by making her pay for replacement uniforms. 29 U.S.C. § 206(a)(1)(C).

## VI.     FLSA COLLECTIVE ACTION

55. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

56. Plaintiff seeks to represent a collective action under 29 U.S.C. § 216(b) on behalf of herself and all current and/or former FLSA minimum hourly wage paid and/or tipped employees of Defendant, within the FLSA's maximum limitations period, who are similarly situated to Plaintiff.

57. The putative collective action members are and/or were employees of Defendant pursuant to the FLSA. 29 U.S.C. § 203(e).

58. The putative collective action members are and/or were covered employees of Defendant under 29 U.S.C. § 203(m)(2) and 29 U.S.C. § 206(a)(1)(C).

59. Defendant kept tips that were earned by the putative collective action members and shared same with supervisors in violation of the FLSA. 29 U.S.C. § 203(m)(2).

60. Defendant kept tips that were earned by the putative collective action members and shared same with non-customarily tipped employees, such as such as stockers and runners, in violation of the FLSA. 29 U.S.C. § 203(m)(2).

61. Defendant improperly kept tips earned by the putative collective action members to pay for business related expenses such as ice and deliveries in violation of the FLSA. 29 U.S.C. § 203(m)(2).

62. Defendant failed to pay the putative collective action members at least the FLSA minimum hourly wage rate by making them pay for certifications and/or recertifications, such as TABC and/or food handler certifications and/or recertifications. 29 U.S.C. § 206(a)(1)(C).

63. Defendant failed to pay the putative collective action members at least the FLSA minimum hourly wage rate by making them pay for replacement uniforms. 29 U.S.C. § 206(a)(1)(C); *Lopez*, 2021 WL 3502361, at *7.

64. Defendant's violations of the FLSA are and/or were willful within the meaning of 29 U.S.C. § 255(a). At all times relevant, Defendant was aware that Plaintiff and the putative collective action members, as minimum hourly wage and tip paid employees, were not paid at least the FLSA minimum hourly wage for each hour worked per seven-day workweek due to improper deductions and/or kick-backs. Furthermore, at all times relevant, Defendant knew it improperly kept tips earned by Plaintiff and the putative collective action members that were shared with supervisors and other non-customarily tipped employees.

65. Plaintiff reserves the right to establish sub-classes and/or modify collective action definition in any motion for collective action certification or other filing.

## VII. JURY TRIAL DEMANDED

66. Plaintiff demands a trial by jury.

## VIII. DAMAGES AND PRAYER

67. Plaintiff asks that the Court issue summons for Defendant to appear and answer, and that Plaintiff, on behalf of herself and all others similarly situated, be awarded judgment(s) against Defendant and/or order(s) from the Court for the following:

   a. Certification of a FLSA collective action and notice to the putative collective action members,

   b. All actual damages, statutory damages, and other damages allowed by the FLSA including minimum wages and/or improperly kept tips,

   c. Reasonable legal fees,

   d. Costs,

   e. Post-judgment interest, and/or

   f. All other relief to which Plaintiff and the collective action members are justly entitled.

Date: September 23, 2025.

Respectfully submitted,

By: /s/ Allen R. Vaught
Allen R. Vaught
Attorney-In-Charge
TX Bar No. 24004966
Vaught Firm, LLC
1910 Pacific Ave., Suite 9150
Dallas, Texas 75201
(972) 707-7816 – Telephone
(972) 920-3933 – Facsimile
avaught@txlaborlaw.com

ATTORNEY FOR PLAINTIFF